DAVID L. WATSON and HELEN WATSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watson v. Commissioner
Docket No. 8709-79.
United States Tax Court
T.C. Memo 1981-465; 1981 Tax Ct. Memo LEXIS 274; 42 T.C.M. (CCH) 877; T.C.M. (RIA) 81465; August 27, 1981. Vincent L. Alsfeld, for the petitioners. B. Gray Gibbs, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commission determined a $ 2,869 deficiency in the 1977 income tax of petitioners, husband and wife, who filed a joint return for that year. The sole issue presented is whether payments of $ 26,130 received in 1977 by the husband (hereinafter sometimes referred to as the petitioner) were excludable from gross income under section 104(a)(1), I.R.C. 1954. The facts have been stipulated. Petitioner was employed by the Federal Aviation Administration (FAA) as an air traffic controller until the second half of 1976, when he was disqualified for service in that capacity by reason *275 of hypertension (high blood pressure). By early 1977 it was determined that his condition did not respond adequately to medication, and his removal from active control duties became permanent. On May 26, 1977, he was notified by a representative of the Department of Labor of its conclusion that his "hypertension condition was aggravated by * * * [his] work as an Air Traffic Controller for the F.A.A." and that he was "entitled to applicable benefits of the F.E.C.A. [Federal Employees Compensation Act] for any periods that * * * [he was] totally disabled for work because of * * * [his] accepted condition". However, petitioner did not in fact receive any disability compensation in 1977 under the Federal Employees Compensation Act. Instead, he requested reassignment training pursuant to the Air Traffic Controllers Act, 5 U.S.C. section 3381, Pub. L. 92-297, 86 Stat. 141, 142. That statute, enacted in 1972, undertook to establish a second-career training program, which has been described as follows in Gallagher v. Commissioner, 75 T.C. 313, 315 (1980): This program was created, in addition to special early retirement benefits, n2 in *276 order to improve the quantity and quality of air traffic controllers. Congress, recognizing the mental and physical strain on the controller and its effect on the safety of air travel, sought to create incentives for hiring new controllers. Realizing that the controllers should not be retained beyond the time they can perform satisfactorily, but that their qualifications for other positions are very limited, Congress decided to ease the adjustment to a new career by providing training benefits while continuing the salaries of the former controllers. S. Rept. 92-774, U.S. Code Cong. & Adm. News 2287-2288 (1972). [Footnote omitted.] In accordance with petitioner's request, he was reassigned to a program of training as a horticulturist for a two-year period. During this training period he was retained at his last assigned civil service grade and rate of basic pay as a controller and received increases in basic pay authorized by law. He was required to participate in full-time on-the-job training of not less than 40 hours per week, and, "[a]s an employee and student in training * * * [he was] required to remain in good standing with the source of training". The arrangement *277 contemplated bi-monthly performance evaluations. Petitioner thus received $ 26,130 in wages paid to him by the Federal Government in 1977. We recently held in Gallagher v. Commissioner, supra, that payments received by a controller under the second career training program were not excludable from gross income. Petitioners' representative herein, who had also appeared on behalf of the taxpayer in Gallagher, did not file any brief in this case, and we were unable to find any significant difference between the two cases. In the circumstances, Decision will be entered for the respondent.